**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL J. MINER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 1:14-cv-07474 |
| GOVERNMENT PAYMENT SERVICE, INC., d/b/a GOV PAY NET, | ) ) ) | Judge Robert M. Dow, Jr. |
| | ) | Magistrate Judge Maria Valdez |
| Defendant. | ) | |

**PLAINTIFF'S MOTION PURSUANT TO FED. R. CIV. P. 12(c) FOR JUDGMENT ON THE PLEADINGS RELATING TO THE SCOPE OF CLASS CERTIFICATION DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff, Michael J. Miner, through his undersigned counsel, hereby moves pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings. In support of his motion, Plaintiff states as follows:

**INTRODUCTION**

Plaintiff previously filed a motion pursuant to Fed. R. Civ. P. 37 to compel Defendant, Government Payment Service, Inc., to compel answers to his interrogatories and requests for production that Defendant had objected to based on its unsupported argument that class certification discovery ought to be limited in to a geographic scope that is narrower than the class defined in the complaint, thereby frustrating Plaintiff's ability to prove the existence a statewide class and to otherwise meet its burden to show that certification of the class is appropriate.

In the present motion, at the Court's suggestion at the last status hearing, Plaintiff seeks judgment on the pleadings as a means of resolving the parties' discovery dispute; namely, a judicial determination of the appropriate scope of Plaintiffs' class certification discovery.

## STANDARD OF REVIEW

"District judges enjoy broad discretion in settling discovery disputes." *Corley v. Rosewood Care Ctr., Inc.,* 142 F.3d 1041, 1052 (7th Cir.1998). When deciding the meaning of a contested allegation, the language in a complaint should be read in a natural and ordinary fashion. *See Abcarian v. McDonald,* 617 F.3d 931, 937 (7th Cir.2010); *see also, Tamayo v. Blagojevich,* 526 F.3d 1074, 1092 (7th Cir.2008). Plaintiff asks the Court to resolve a discovery issue arising from definition of the class in the Complaint:

> All residents of the State of Illinois who paid a bail deposit with a credit or debit card and who were charged a fee by GovPayNet for purported bail bond services during the period September 25, 2009, through the date of final judgment.

First Amended Class Action Complaint ("Complaint") (Doc. #19, ¶ 26). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). If a party fails to answer an interrogatory or respond to a document request, a party seeking discovery may move for an order compelling disclosure or discovery. *See* Fed. R. Civ. P. 37(a)(2). Alternatively, if a party fails to respond to such discovery requests, the court may make such other orders as are just. *See* Fed. R. Civ. P. 37(d). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

The district court exercises significant discretion in ruling on the instant motion. *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495-96 (7th Cir. 1996). The court may use its broad discretion to carry out the "strong public policy in favor of disclosure of relevant materials." *Forst v. Smithkline Beecham Corp.*, slip op., 2008 WL 4951155 at *1 (E.D. Wis. Nov. 18, 2008) (citing *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681 (7th Cir. 2002)). Information is relevant for purposes of Rule 26 "if the discovery appears reasonably calculated to lead to the discovery of

admissible evidence." *Sykes v. Target Stores*, slip op., 2002 WL 554505 at *1 (N.D. Ill. Apr. 15, 2002). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Grayson v. City of Aurora*, slip op., 2013 WL 6697769 at *2 (N.D. Ill. Dec. 19, 2013). Because discovery is concerned with "relevant information"—not "relevant evidence"—the scope of relevance for discovery purposes is necessarily broader than it is for trial evidence under Federal Rule of Evidence 401. *Id*. Importantly, the Federal Rules of Civil Procedure are not aspirational, and may not be casually disregarded by parties at their option. *Travelers Cas. and Sur. Co. of Am., Inc. v. E. Beach Dev., LLC*, slip op., 2008 WL 3211306 at *13 (S.D. Ala. Aug. 7, 2008).

## PRIOR EFFORTS TO RESOLVE THE DISPUTE

On July 27, 2015, the parties conducted a meet and confer conference by telephone pursuant to Fed. R. Civ. P. 37(a)(1) in a good faith attempt to resolve the differences regarding the scope of Defendant's discovery responses without court action. On September 10, 2015, Plaintiff's counsel sent Defendant's counsel an email concerning disclosures that were still outstanding (copy submitted as Exhibit C to Plaintiff's motion to compel) (Doc. #61). Thereafter, and in order to facilitate further production of documents, the parties agreed and submitted a proposed Protective Order which was entered on September 21, 2015. Defendant also provided Plaintiff its email response as to outstanding requests for production on September 21, 2015 (Doc. #61, Exh. D). On October 20, 2015, Plaintiff's counsel informed Defendant's counsel by email that Defendant's discovery responses were insufficient and incomplete (Doc. #61, Exh. E). The parties' fundamental disagreement regarding the responses at issue necessitated the bringing of a motion to compel on October 20, 2015. At the presentment of Plaintiff's motion to compel, on

October 29, 2015, the Court struck Plaintiff's motion to compel without prejudice and ordered the parties to again meet and confer regarding their dispute.

The parties engaged in another meet and confer conference on November 5, 2015, and were able to narrow the scope of their dispute. Another conference was held on April 27, 2016, but several issues remained unresolved. The parties informed the Court of their unresolved dispute during the status hearing held on May 3, 2016, at which time the Court suggested the filing of the instant motion to resolve the legal issue of what is the proper scope of class certification discovery.

**ARGUMENT**

Plaintiff seeks discoverable information and documents for a putative class of all Illinois residents[1] who paid a bail deposit with a credit or debit card and were charged a fee by Defendant for purported bail bond services between September 25, 2009 through the date of final judgment. *See* Complaint ¶ 26. Defendant has refused to answer or produce discovery responsive to a significant number of Plaintiff's discovery requests and has otherwise narrowed the scope of discovery to a limited time period and within a limited geographic scope. Plaintiff needs to obtain the documents and information necessary to proceed with his efforts to certify class and, ultimately, prepare for trial.

A.  **Plaintiff is Entitled to Discovery Answers and Production of Documents on an Illinois Statewide Basis**

Defendant has steadfastly refused to respond to or produce discovery of responsive information and documents outside Cook County. *See* Doc. 61, Ex. A "General Objections" pp 4-

---

[1] Plaintiff's putative class is currently limited to Illinois, although GovPayNet does business in over 45 states with over 3,000 government agencies. *See* https://www.govpaynet.com/about/govpay-about-us.php (last visited 10/12/2016).

5; ¶ 13; Ex. B "General Objections" pp 4-5; ¶¶ 9, 14, 16, 20, 22, 23, 24, 25, 26, 28, 29.[2] Defendant, in essence, attempts to narrow the scope of the class as defined in the Complaint where Plaintiff has made no such limitation. Plaintiff is the master of its complaint. *Piper Jaffray & Co. v. Severini*, 443 F. Supp. 2d 1016, 1022 (W.D. Wis. 2006) (citing *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir.2000)). As such, Plaintiff is entitled to discovery as the representative of a putative class within a geographic scope as stated in his Complaint. Plaintiff is seeking discovery as it relates to all Illinois residents who used GovPayNet, not just those in Cook County.

> **B.  Plaintiff Is Entitled to Discovery of All Responsive Documents and Electronically Stored Information Within Its Control, Including Transactional and Other Documents In the Possession of Cook County and the Other Counties in Illinois With Whom Defendant Does Business.**

Plaintiff sought information from 2009 until 2014 and documents from 2005 until present as it related to the gross revenue Defendant received in Illinois as a result of providing bail and bond services or payment processing in Illinois. *See* Ex. ¶ 7, Ex. B ¶ 25. Defendant has produced a spreadsheet of individuals who used Defendant services in Cook County from 2009 until 2012. Defendant's production remains deficient and it has been unresponsive to Plaintiff's interrogatory regarding the gross revenue received by Defendant for bail and bond services or payment processing from 2009 until 2014 in Illinois

In numerous responses to the foregoing and other requests, Defendant directed Plaintiff to seek responsive documents from third parties without demonstrating these documents are outside its control. *See* Ex. A ¶ 24; Ex. B ¶¶ 6, 7, 8, 20, 30. Defendant's position that it is excused from producing documents and electronically stored information because they are in the possession of third parties is unsupported by Rule 34, especially where such documents are within its control.

---

[2] Defendant has since amended its answers to Plaintiff's interrogatories and requests for production in which it reasserted its geographic scope objection.

Under Rule 34, parties are required to produce pertinent documents in their custody or control even if not in their physical possession. *Ablan v. Bank of Am. Corp.,* slip. op., 2014 WL 6704293 at *4 (N.D. Ill. Nov. 24, 2014). On the issue of control, it is "well-settled that a party need not have actual possession of the documents to be deemed in control of them" rather, the "test is whether the party has a legal right to obtain them." *Dexia Credit Loc. v. Rogan,* 231 F.R.D. 538, 542 (N.D. Ill. 2004). A "party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery, and, based on that inquiry, a party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control." *Novelty, Inc. v. Mt. View Mktg., Inc*., 265 F.R.D. 370, 376 (S.D. Ind. 2009).

Seeking discoverable information and documents directly from Cook County would put a burden on an entity that is not a party to the instant suit and would otherwise force Plaintiff to resort to expensive Fed. R. Civ. P. 45 subpoena practice. To be sure, serving subpoenas on every county in Illinois with whom Defendant did business is not a prerequisite under Rule 34. Defendant is under affirmative duty to seek documents and electronically stored information reasonably available to it from its employees, agents, or others subject to its control, including its government agency customers, and to produce them to Plaintiff.

## CONCLUSION

For all of the foregoing reasons, and for any other reasons that may appear to the Court, Plaintiff prays for an order entering judgment on the pleadings in favor of Plaintiff and against Defendant or otherwise determining that he is entitled to class certification discovery on the matters set forth herein.

Dated: October 12, 2016                     Respectfully Submitted,

                                                  MICHAEL J. MINER

                            By:    s/ William M. Sweetnam
                                           One of His Attorneys

                                             William M. Sweetnam
SWEETNAM LLC
100 North La Salle Street, Suite 2200
Chicago, Illinois 60602
(312) 757-1888
wms@sweetnamllc.com

Larry D. Drury
LARRY D. DRURY, LTD.
100 North La Salle Street, Suite 2200
Chicago, Illinois 60602
(312) 346-7950
ldd@larrydrury.com
Joseph L. Planera
LAW OFFICES OF JOSEPH L.
     PLANERA AND ASSOCIATES
222 Vollmer Road, Suite 2A
Chicago Heights, Illinois 60411
(708) 755-5000
jplanera@sbcglobal.net

*Attorneys for Plaintiff Michael J. Miner*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 12, 2016, he served a copy of the foregoing document on the following person(s) via electronic mail (e-mail) at the address(es) listed below:

> Denean K. Sturino
> Rashad A. Simmons
> O'HAGAN, LLC
> One East Wacker Drive, Suite 3400
> Chicago, Illinois 60601
> dsturino@ohaganlaw.com
> rsimmons@ohaganlaw.com

                                       s/ William M. Sweetnam